## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DWAYNE ROBISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-01871-JMB |
| | ) | |
| LISA SANDERSON, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on the motion of plaintiff Dwayne Robison for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 3). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $3.33. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion to proceed in forma pauperis, plaintiff submitted a certified inmate account statement. (Docket No. 4). The certified inmate account statement shows an average monthly deposit of $16.67. The Court will therefore assess an initial partial filing fee of $3.33, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a pro se litigant currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. At the time of the events in the complaint, however, it appears that plaintiff was an inmate at Farmington Correctional Center, in Farmington, Missouri. The case caption of the complaint lists Lisa Sanderson, Teri Lawson, and Elizabeth Atterberry as defendants. (Docket No. 1 at 1). They are sued in both their individual and official capacities. (Docket No. 1 at 2-4). The Statement of Claim also contains allegations against Kay McIntyre and Karen Salesmen. There is no indication as to the capacity in which McIntyre or Salesmen are sued.

Plaintiff's complaint is handwritten and, at times, difficult to read. It appears that plaintiff is attempting to assert a variety of different mental health-related claims, though mainly he seems to object to his placement in a single-man cell in administrative segregation.

As to Kay McIntyre, plaintiff alleges that McIntyre has made numerous hateful, discriminatory, and sexual comments towards him, and evinced a dislike for homosexuals and transgendered individuals. (Docket No. 1 at 3). She has also purportedly kept him in a suicide cell

as "punishment," refused to give him "proper mental health treatment," and denied him a transfer to a two-man cell.

As to Karen Salesmen, plaintiff states that Salesmen has denied his informal resolution requests (IRR) that he has filed regarding mental health. He further states that Salesmen has come to his cell numerous times and told him that he is not transgendered, and that he is not getting medication or a two-man cell. Plaintiff also accuses Salesmen of numerous "false statement[s]" and of telling him that mental health is doing all they can for him.

As to Teri Lawson, plaintiff claims that Lawson has "segregated" him to a single-man cell for "no proper cause." (Docket No. 1 at 4). He further states that Lawson has used "false document[s]" against him, and has told "other offender[s]" that he is "a threat to the safety and security of DOC."

As to Lisa Sanderson, plaintiff alleges that Sanderson spread lies and false information regarding plaintiff having sex in his cell and bribing other inmates to have sex with him. Plaintiff states this is the reason he is in a single-man cell. He also claims that Sanderson "had all of the mental health staff" discriminate against him and refuse to "start hormone treatment."

As to Elizabeth Atterberry, plaintiff asserts that Atterberry is using the "excuse" of "safety and security" to keep him in a single-man cell. (Docket No. 1 at 6).

Attached to the complaint are a number of IRRs, IRR responses, grievances, grievance responses, and grievance appeal responses.[1] (Docket No. 1-3). The exhibits contain plaintiff's objections to being placed in a single-man cell while in administrative segregation. The exhibits also include replies to plaintiff's objections. The replies tend to indicate that plaintiff has been placed in a single-man cell based on his past behavior, his own declaration that he feels "vulnerable

---

[1] The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

and weak" with a cellmate, his mental health issues, his suicide attempts, and his self-reported sexual activities.

Plaintiff states that as a result of defendants' actions, he has had numerous panic and asthma attacks. (Docket No. 1 at 5). He also states that he has "caught C.O.P.D." Plaintiff is seeking $680.00 in damages. (Docket No. 1 at 6).

## Discussion

Plaintiff is a pro se litigant who brings this civil action pursuant to 42 U.S.C. § 1983. The complaint identifies five defendants. Defendants Lisa Sanderson, Teri Lawson, and Elizabeth Atterberry are sued in both their individual and official capacities. Plaintiff has failed to indicate the capacity in which he is suing Kay McIntyre and Karen Salesmen. For the reasons discussed below, plaintiff's complaint is defective and subject to dismissal. However, he will be allowed to file an amended complaint according to the instructions set forth in this order.

### A. Deficiencies

Plaintiff's complaint is deficient and subject to dismissal because he has not stated a claim against any of the named defendants. With regard to defendants Lawson and Sanderson, plaintiff's allegations contain only conclusory statements, with no factual support. The Court is not required to accept such conclusions as true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). As to defendant Atterberry, plaintiff mentions Atterberry only once, and does not accuse her of a constitutional violation. *See Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016) ("To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States"). For all three defendants, plaintiff has failed to state

5

an official capacity claim by alleging the liability of their respective employers. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that a "suit against a public employee in his or her official capacity is merely a suit against the public employer").

As to defendants Kay McIntyre and Karen Salesmen, plaintiff has failed to indicate the capacity in which they are sued. If a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, as noted above, plaintiff has not demonstrated an official capacity claim because he has not alleged any liability against defendants' respective employers.

## B. Order to Amend

Because plaintiff is proceeding pro se, he will be allowed an opportunity to amend his complaint according to the instructions below.

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). The Court notes that plaintiff's handwriting is often extremely difficult to read. Thus, if the amended complaint is handwritten, **the writing must be legible**. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each

claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The Court notes that plaintiff's complaint contained a variety of claims against different defendants. The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts

7

showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 2). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the

litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $3.33 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 2) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date of this order in which to file an amended complaint on the Court-form in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 12th day of November, 2019.

/s/John M. Bodenhausen
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE