# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DWAYNE ROBISON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-cv-01871-JMB |
| LISA SANDERSON, et al. | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On November 12, 2019, the Court ordered plaintiff to file an amended complaint within thirty days. (Docket No. 9). Plaintiff has failed to respond. Therefore, for the reasons discussed below, plaintiff's complaint will be dismissed without prejudice for failure to comply with the Court's order. *See* Fed. R. Civ. P. 41(b).

## Discussion

Plaintiff is an inmate at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. On July 1, 2019, he filed a pro se civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1). He also filed a motion for leave to proceed in forma pauperis. (Docket No. 3). The case caption of the complaint named Lisa Sanderson, Teri Lawson, and Elizabeth Atterberry as defendants. The Statement of Claim contained further allegations against defendants Kay McIntyre and Karen Salesmen. Plaintiff's complaint contained various claims, but his chief contention appeared to be defendants' allegedly wrongful decision to place him in a single-man cell, and to deny him transfer to a two-man cell.

The Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and determined that it was subject to dismissal. With regard to defendants Lawson and Sanderson, the Court noted that

plaintiff's allegations contained only conclusory statements, with no factual support. The Court explained that it was not required to accept such conclusions as true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). As to defendant Atterberry, the Court stated that Atterberry was only mentioned once, and that plaintiff did not accuse her of a constitutional violation. *See Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016) ("To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and the laws of the United States"). The Court further explained that for all three defendants, plaintiff had failed to state an official capacity claim because he neglected to allege facts showing the liability of defendants' respective employers. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that a "suit against a public employee in his or her official capacity is merely a suit against the public employer").

As to defendants McIntyre and Salesmen, the Court noted that plaintiff had failed to indicate the capacity in which they were sued. If a plaintiff's complaint is silent as to capacity, the complaint is interpreted as including only official capacity claims. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (stating that a "suit against a public employee in his or her official capacity is merely a suit against the public employer"). However, as with the official capacity claims against defendants Lawson, Sanderson, and Atterberry, plaintiff had not presented facts alleging the liability of these defendants' respective employers.

On November 12, 2019, the Court granted plaintiff's motion for leave to proceed in forma pauperis and assessed an initial partial filing fee of $3.33. Plaintiff was ordered to pay the initial partial filing fee within thirty days. The Court also directed plaintiff to file an amended complaint,

according to the instructions set forth in the order. To aid plaintiff in filing an amended complaint, the Court directed the Clerk of Court to send him a copy of the Court's prisoner civil rights form. Plaintiff was given thirty days in which to file an amended complaint. He was advised that failure to submit an amended complaint would result in the dismissal of his case without prejudice and without further notice. The amended complaint was due by December 12, 2019.

Plaintiff's thirty-day period in which to file an amended complaint and pay the initial partial filing fee has expired. Indeed, the Court has given plaintiff significantly more than thirty days in which to respond. However, plaintiff has not submitted an amended complaint or filed a motion with the Court seeking an extension of time. Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's November 12, 2019 order, his action will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of November 12, 2019. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that this dismissal will not constitute a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of January, 2020.

                                            HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE